UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TREANDOUS COTTON,

    Plaintiff,

v.

JEFFERY BEARD, et al.,

    Defendants.

Case No. 15-cv-01577-JST (PR)

**ORDER OF DISMISSAL WITH PARTIAL LEAVE TO AMEND**

## INTRODUCTION

On April 7, 2015, plaintiff, an inmate at Salinas Valley State Prison (SVSP), filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis by separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A. For the reasons stated below, the complaint is dismissed with partial leave to amend.

## BACKGROUND

The complaint alleges the following:

Plaintiff was pursuing Appeal No. 12-15829 in the Ninth Circuit Court of Appeals relating to a prior civil rights action. After plaintiff lost his appeal, the Ninth Circuit gave him a deadline of November 7, 2014 by which to file a petition for rehearing en banc. On October 19, October 26, and November 3, 2014, plaintiff filed CDCR-22 forms requesting access to the prison law library in order to meet his November 7, 2014 deadline. The prison failed to schedule him for a law library visit. Because of his inability to access the law library, plaintiff was prevented from meeting the November 7, 2014 deadline, and the Ninth Circuit thereafter issued its formal mandate entering judgment.

On November 16, 2014, plaintiff filed an administrative grievance on a CDCR-602 form regarding the denial of access to the law library. He never received a response. His subsequent letter to the warden went unanswered.

**DISCUSSION**

**I.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**II.  Legal Claims**

**A.  Access to Courts**

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy

2

in the prison's legal access program that caused him an actual injury. See Lewis, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 354-55.

Once a prisoner identifies the inadequacy in the program (e.g., law library or legal assistant), he must demonstrate that the alleged shortcomings in the program caused him an actual injury by hindering his efforts to pursue a legal claim. See Lewis, 518 U.S. at 351. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint. See id.; see, e.g., Hebbe v. Pliler, 627 F.3d 338, 343 (9th Cir. 2010) (plaintiff demonstrated that denying him law library access while on lockdown resulted in "actual injury" because he was prevented from appealing his conviction).

With respect to a claim regarding active interference by prison officials, a prisoner alleges an actual injury if, as a result of the defendants' alleged actions, his pending suit was dismissed. See Silva v. Di Vittorio, 658 F.3d 1090, 1103-04 (9th Cir. 2011). Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived. Nevada Dep't of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 349). It is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348.

Giving the pro se complaint the liberal construction to which it is entitled, the allegations are sufficient to state a Section 1983 claim for denial of access to the courts. As to this claim, however, the complaint provides insufficient facts linking defendants to plaintiff's allegations of wrongdoing. Plaintiff names four defendants: CDCR Secretary Jeffery Beard, SVSP Warden W.L. Muniz, SVSP Senior Law Librarian M. Colvin, and SVSP Library Technical Assistant C. Garcia. Plaintiff fails to state what these individuals specifically did or failed to do that led to the denial of his requested law library access. Leave to amend will be granted so that plaintiff may

3

attempt to allege more specifically how defendants violated plaintiff's right to access the courts, if he can do so in good faith.

In his amended complaint, plaintiff must "set forth specific facts" regarding what each defendant did, or did not do, that violated his federal constitutional rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Sweeping conclusory allegations will not suffice. Plaintiff should also identify the approximate date of each incident, to the extent he can do so. Plaintiff is advised that a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012).

### B.     Plaintiff's Other Claims

Plaintiff's remaining claims are dismissed without leave to amend because they are legally meritless in ways that are not curable by amendment. First, citing to California Code of Regulations, title 15, section 2123(b), plaintiff alleges that he was granted preferred legal user ("PLU") status but received less law library time than he should have received under the prison rules and regulations. Failing to follow such internal procedures does not violate any constitutional right or other provision of federal law cited by plaintiff or known to the Court. Prison policy is not federal law and no federal constitutional right or other federal law cited by plaintiff or known to the Court requires prison officials to provide inmates a specific amount of library time.

Next, plaintiff alleges that defendants obstructed his rights to the prison administrative appeal system. There is no constitutional right to a prison administrative appeal or grievance system; consequently, a prison official's failure to process grievances is not actionable under Section 1983. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that the prisoner's claimed loss of liberty interest in processing of administrative appeals does not violate due process because prisoners lack separate constitutional entitlement to specific prison grievance

4

system). Further, while a prisoner retains a First Amendment right to petition the government for redress of grievances as to the constitutional claim underlying an administrative grievance, he possesses no constitutional right to a response to his grievance from prison officials. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (holding that the prisoner's First Amendment right of access to courts is not compromised by prison's refusal to entertain grievance).

Finally, plaintiff attempts to allege an equal protection claim. "The Equal Protection Clause requires the State to treat all similarly situated people equally." Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (citation omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff fails to state an equal protection claim. First, he has not alleged facts showing that he is a member of a protected class. Second, even if he had alleged such facts, he has not alleged facts showing that he was discriminated against because of his membership in that class. Third, he has alleged no facts showing a discriminatory intent.

Accordingly, these claims are DISMISSED for failure to state a claim. Dismissal is with prejudice as it appears that amendment would be futile.

### C. Doe Defendants

In addition to the deficiencies discussed about, plaintiff has a Doe defendant problem. Specifically, plaintiff names Does 1-10 as defendants. First, the complaint does not state a claim against Does 1-10. As with the four named defendants, the complaint provides insufficient facts linking Does 1-10 to plaintiff's allegations of wrongdoing.

Further, plaintiff is advised that the use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: the person identified as a Doe cannot be served with process until he or she is identified by his or her real name. If plaintiff files an amended complaint, plaintiff must take steps promptly

5

to discover the full name (i.e., first and last name) of each of the Doe defendants and provide that information to the Court in his amended complaint. The burden remains on the plaintiff; the Court cannot undertake to investigate the names and identities of unnamed defendants.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The complaint is dismissed with leave to amend. If plaintiff believes he can cure the above-mentioned deficiencies in good faith, plaintiff must file an AMENDED COMPLAINT within **twenty-eight (28)** days from the date of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (15-1577 JST (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file the amended complaint by the deadline will result in the dismissal of the action.** The Clerk of the Court is directed to send plaintiff a blank civil rights form along with his copy of this order.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 5, 2015

JON S. TIGAR
United States District Judge